THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP
LUTZ, Appellant, *v.* GEORGE V. MCLAUGHLIN, as Police
Commissioner of the City of New York, Respondent.

*New York city — police — certiorari — dismissal of patrolman from
police force.*

People ex rel. Lutz v. McLaughlin, 222 App. Div. 774, affirmed.
(Submitted May 2, 1928; decided May 29, 1928.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
December 23, 1927, which confirmed, on certiorari, an
order of the Police Commissioner of the city of New
York dismissing the relator from the office of patrolman
on the police force of the city of New York on charges
of insubordination, conduct unbecoming an officer and
violation of the regulations. Appellant contended he had
not received a fair and impartial trial.

*Abraham H. Kesselman* for appellant.

*George P. Nicholson, Corporation Counsel (Joseph P.
Reilly* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS,
LEHMAN, KELLOGG and O'BRIEN, JJ.

--------

SILVER'S LUNCH STORES, INC., Appellant, *v.* RICHARD
L. LEE, Respondent.

*Principal and agent — brokers — action to recover secret profits alleged
to have been realized by a real estate broker in a real estate transaction
wherein he was employed.*

Silver's Lunch Stores, Inc., v. Lee, 222 App. Div. 748, affirmed.
(Argued May 2, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered December 30, 1927, affirming a judgment in favor
of defendant entered upon a verdict. The action was

to recover secret profits alleged to have been gained by defendant in a real estate transaction wherein defendant acted as broker for plaintiff's assignor. The complaint alleged that plaintiff's assignor had employed defendant to obtain a purchaser for a dominant lease; that defendant obtained a purchaser who was willing to purchase only if a sublease was canceled; that defendant, as part of his employment, undertook to procure a cancellation of the sublease which he did in consideration of a substantial payment to the sublessee by plaintiff's assignor; that thereupon the sale of the dominant lease went through and defendant was paid the agreed commission; that thereafter plaintiff's assignor learned that defendant had also received a commission out of the money paid by it to secure the surrender of the sublease. The answer was that plaintiff's assignor had full and complete knowledge of the transaction.

*Henry M. Flateau* for appellant.

*Henry Waldman* and *Joseph G. Abramson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ABRAHAM J. HABER, Appellant, *v.* SAM SEIFF, Respondent.

*Vendor and purchaser — contract — specific performance — action to compel specific performance of alleged contract to purchase real property.*

*Haber* v. *Seiff*, 222 App. Div. 765, affirmed.

(Argued May 2, 1928; decided May 29, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 31, 1927, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was to compel specific per-